UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

CINDY J. MEYER,                           No. CV-06-011-FVS

                Plaintiff,

                                          ORDER
        v.

WEST VALLEY SCHOOL DISTRICT No.
363, et al.,

                Defendants.

**THIS MATTER** comes before the Court based upon two motions for summary judgment.  One motion has been filed by the West Valley School District No. 363, Paula M. Jeffries, and Douglas Matson.  They are represented by Michael E. McFarland, Jr.  The other motion has been filed by the State of Washington, Charles Schreck, Nick Hawkinson, and Terry Perkins.  They are represented by Assistant Attorney General Amy Clemmons.  Plaintiff Cindy Meyer is represented by William J. Powell.

**BACKGROUND**

Cindy Meyer was employed by West Valley School District No. 363 as a school psychologist.  The principal of the school in which Ms. Meyer worked suspected that she was taking time off without permission to work at another job.  The District reported its suspicions to the Washington Superintendent of Public Instruction ("SPI"), who issued an order suspending her education certificate for a period of sixty days.

ORDER - 1

She appealed, which tolled the order.  Eventually, the SPI withdrew the order of suspension and terminated disciplinary proceedings against her.  At no time, was her education certificate actually suspended.  Ms. Meyer filed an action in state court.  The defendants removed the matter to federal court since she is asserting a claim "arising under the Constitution."  28 U.S.C. §§ 1441(b), 1446.  Ms. Meyer obtained leave to amend her complaint.  Fed.R.Civ.P. 15(a).  As amended, it contains two causes of action.  To begin with, she alleges that the defendants, except the State of Washington, violated the Fourteenth Amendment by depriving her of a constitutionally protected interest in her education certificate without due process of law.  She seeks damages under 42 U.S.C. § 1983.  The Court has original jurisdiction over this claim.  28 U.S.C. §§ 1331, 1343.  In addition, she alleges that the defendants negligently investigated their suspicions that she left work without permission.  She seeks damages under the law of the State of Washington.  The Court may exercise supplemental jurisdiction over this claim.  28 U.S.C. § 1367.

**DUE PROCESS**

Ms. Meyer alleges that the defendants, except the State of Washington, violated the Fourteenth Amendment by depriving her of a constitutionally protected interest in her education certificate without due process of law.  In order to establish a due process violation, she must prove three elements:  "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the

ORDER - 2

interest by the government; and (3) lack of process." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir.1993).  While she undoubtedly has a constitutionally protected interest in her education certificate, she cannot prove that she was deprived of it.  As she concedes, the order suspending her education certificate never took effect.  To the contrary, the order was tolled by her timely appeal.  During the course of the appeal, the SPI withdrew the order of suspension and terminated disciplinary proceedings.  Absent actual suspension of her license, Ms. Meyer cannot establish that she suffered the deprivation of a constitutionally protected interest.  This is fatal to her due process claim.  It must be dismissed.  *See Neal v. Fields*, 429 F.3d 1165, 1167 (8th Cir.2005) (nurse could not prove deprivation where State Board of Nursing investigated a complaint but did not suspend her license); *Baldwin v. Daniels*, 250 F.3d 943, 946 (5th Cir.2001) (where the sheriff of a county refused to accept bail bonds from a bondsman, but the bondsman's state license was never suspended or revoked and she was free to issue bonds in other counties, the sheriff's action did not deprive her of a property interest).

**NEGLIGENT INVESTIGATION**

Ms. Meyer claims the State of Washington, Charles Schreck, Nick Hawkinson, and Terry Perkins may be held liable for negligently investigating the allegations reported by representatives of the West Valley School District No. 363.  To date, the Supreme Court of the

ORDER - 3

State of Washington has not recognized such a claim.  Consequently, this Court must interpret Washington law as it believes the state Supreme Court would.  *See Dias v. Elique*, 436 F.3d 1125, 1129 (9th Cir.2006); *Gravquick A/S v. Trimble Navigation Int'l Ltd.*, 323 F.3d 1219, 1222 (9th Cir.2003).

At a minimum, Ms. Meyer must cite a statute (or perhaps an administrative regulation) that obligates the SPI to investigate a complaint that a teacher has engaged in unprofessional conduct.  *See M.W. v. Dep't of Soc. & Health Servs.*, 149 Wn.2d 589, 596, 70 P.3d 954 (2003) (citing *Bennett v. Hardy*, 113 Wn.2d 912, 920, 784 P.2d 1258 (1990)).  She places great weight upon RCW 28A.410.095[1] and WAC 180-86-100(2).[2]  Assuming, for purposes of argument, that these create a duty to investigate (either individually or in combination), Ms. Meyer must demonstrate that the Washington Supreme Court would provide a remedy for the breach of the duty.  *See id.*  In order to carry this burden, she must show three things:  (1) she is "within the class for whose 'especial' benefit the statute was enacted"; (2) "legislative intent, explicitly or implicitly, supports creating . . . a remedy"; and (3) "implying a remedy is consistent with the underlying purpose

---

[1]This statute states in part, "The superintendent of public instruction may initiate and conduct investigations as may be reasonably necessary to establish the existence of any alleged violations of or noncompliance with this chapter or any rules adopted under it."

[2]This regulation states in part, "[T]he initiation of investigative proceedings shall commence only upon receipt of a written complaint from a school district . . . superintendent[.]"

ORDER - 4

of the legislation." *Bennett v. Hardy*, 113 Wn.2d 912, 920-21, 784 P.2d 1258 (1990).

As a general rule, the Washington Supreme Court does not permit negligent-investigation claims against state actors. *M.W.*, 149 Wn.2d at 601. However, there is at least one exception. In *Babcock v. State*, 116 Wn.2d 596, 609-10, 809 P.2d 143 (1991), the state Supreme Court implied that children who had been raped by a foster parent could bring a claim against the Washington Department of Social and Health Services ("DSHS") based upon its caseworkers' allegedly negligent failure to investigate the foster parent's background. Then, in *Tyner v. Department of Social and Health Services*, 141 Wn.2d 68, 77-82, 1 P.3d 1148 (2000), the state Supreme Court held that a father who had been separated from his children by DSHS caseworkers based upon a complaint that he had abused his children could bring a claim against the caseworkers alleging that their investigation of the complaint was negligent. The *Babcock-Tyner* exception is grounded upon the declaration of legislative purpose set forth in RCW 26.44.010. *See M.W.*, 149 Wn.2d at 597. In those instances in which a person has sought a remedy for a harm that chapter 26.44 RCW was not meant to rectify, the state Supreme Court has refused to expand the *Babcock-Tyner* exception even though the person may have suffered harm. *M.W.*, 149 Wn.2d at 601 ("A careful reading of the statute's statement of purpose gives no indication that when the legislature created the duty to investigate child abuse, it contemplated protecting children from

ORDER - 5

all physical or emotional injuries that may come to them directly from the negligence of DSHS investigators.").

Ms. Meyer is not seeking a remedy for an alleged violation of a duty created by chapter 26.44 RCW.  Rather, she is seeking a remedy for an alleged violation of a duty (arguably) created by RCW 28A.410.095 and WAC 180-86-100(2).  In order to qualify for a remedy, she must cite an expression of legislative intent indicating that RCW 28A.410.095 and WAC 180-86-100(2) were adopted to prevent the harm she allegedly sustained.  *See Bennett*, 113 Wn.2d at 920-21.  She has not done so.  There is no reason to think that these provisions were adopted, even in part, to protect a teacher from suffering the anxiety and, perhaps, expense of having to defend herself against unfounded allegations of misconduct.  Absent a convincing expression of legislative intent to that effect, Ms. Meyer cannot satisfy the *Bennett* test.  The Washington Supreme Court would not grant her a remedy.  Thus, neither the State of Washington, nor Charles Schreck, nor Nick Hawkinson, nor Terry Perkins may be held liable under state tort law for allegedly conducting a negligent investigation.[3]

---

[3]Ms. Meyer seems to concede that, given *Corbally v. Kennewick Sch. Dist.*, 94 Wn. App. 736, 740-41, 973 P.2d 1074 (1999), neither West Valley School District No. 363, nor Paula M. Jeffries, nor Douglas Matson may be held liable for allegedly conducting a negligent investigation.  (Plaintiff's Memorandum in Response to Motion for Summary Judgment of Defendants' West Valley School District, Paula Jeffries and Douglas Matson, at 5.)  Even if Ms. Meyer is not making this concession, she has failed to lay an adequate foundation for a negligent-investigation claim against them.

ORDER - 6

**IT IS HEREBY ORDERED:**

1. The summary judgment motion that has been filed by the West Valley School District No. 363, Paula M. Jeffries, and Douglas Matson (**Ct. Rec. 34**) is granted.

2. The summary judgment motion that has been filed by the State of Washington, Charles Schreck, Nick Hawkinson, and Terry Perkins (**Ct. Rec. 83**) is granted.

3. The motion to strike that has been filed by the West Valley School District No. 363, Paula M. Jeffries, and Douglas Matson (**Ct. Rec. 77**) is denied as moot.

4. The motion to strike that has been filed by Cindy Meyer (**Ct. Rec. 103**) is denied as moot.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to file this order, enter judgment accordingly, furnish copies to counsel, and close this case.

**DATED** this ___23rd___ day of February, 2007.

<u>    s/ Fred Van Sickle    </u>
Fred Van Sickle
United States District Judge

ORDER – 7